United States District Court
Southern District of Texas
ENTERED

NOV 10 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 09 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CRIMINAL NO. B-02-804-S1 |
| vs. | § | |
| | § | |
| | § | |
| FELIX RUBEN HERNANDEZ | § | |
| GABRIEL MARTINEZ | § | |
| DAVID MARTINEZ | § | |
| JUAN GUADALUPE HERNANDEZ | § | |
| ALEIDA HERNANDEZ-GARZA | § | |

## PRELIMINARY ORDER OF FORFEITURE
## AS TO ASSETS A, B, F, and G

This order involves the interests of the above named defendants in the following assets as

listed in the above indictment in this case. The assets are as follows:

A. No less than $4,000,000.00 in United States dollars, or its equivalents

B. The Martinez ranch/compound in Willacy County, Texas, consisting of the following

land containing residences, structures, fixtures and improvements:

1. Tract 11, being part of Section 32, as shown by a plat of lands owned by the Gulf Coast
Irrigation Company as recorded in the Official Records of Willacy County, Texas, Vol. 159,
Page 244, consisting of 15.750 acres. more or less, and as further shown on Vol. 223, Page
250.

2. Tract 11, being part of Section 32, as shown a by plat of lands owned by the Gulf Coast
Irrigation Company as recorded in the Official Records of Willacy County, Texas, Vol. 212,
Page 056, consisting of 7.750 acres more or less.

3. Lot 14, Block 32 as shown by a plat of lands owned by the Gulf Coast Irrigation Company
as recorded in the Official Records of Willacy County, Texas, Vol. 066, Page 225, consisting
of .66 acres more or less, located in the west one half of a 13.32 acre tract in Lot 14, Block

32 as shown by a plat of lands owned by the Gulf Coast Irrigation Company.

4. Lot 14, Block 32 as shown a by plat of lands owned by the Gulf Coast Irrigation Company Subdivision as recorded in the Official Records of Willacy County, Texas, Vol. 227, Page 122, being the west one half of the east one half of a 13.32 acre tract of land out of Lot 14, Block 32, Gulf Coast Irrigation Company Subdivision.

5. Lot 14, Block 32 as shown a by plat of lands owned by the Gulf Coast Irrigation Company Subdivision, as recorded in the Official Records of Willacy County, Texas, Vol. 235, Page 240, being the west one half of a 13.32 acre tract of land out of Lot 14, Block 32, of the Gulf Coast Irrigation Company Subdivision.

F. The residence, structures and fixtures located at 3301 Crisantema, Mission, Texas

more particularly described as:

Lot 103, Taurus Estates #2 Subdivision, Hidalgo County, Texas,
as shown by the plat recorded in Vol. 27, Page 193, Map Records
of Hidalgo County, Texas.

G. The furniture and home furnishings purchased from Lack's Valley Stores Ltd., Store #43, 1200 East Expressway 83, McAllen, Texas, as shown in contracts issued by Lack's Valley Stores Ltd., as follows:

| Date of Purchase | Contract Amount | Contract Number |
|---|---|---|
| 10/15/01 | $9486.00 | 797280 |
|  | $9494.00 | 797281 |
|  | $9464.43 | 797283 |
| 10/16/01 | $9498.59 | 797323 |
|  | $9448.50 | 797326 |
|  | $9813.78 | 797393 |
| 10/17/01 | $9600.69 | 97451 |
|  | $9228.09 | 797452 |
|  | $9455.19 | 797455 |
|  | $9927.55 | 797460 |
|  | $9352.72 | 797479 |
| 10/19/01 | $9912.29 | 797636 |
| 10/20/01 | $9768.48 | 797797 |

10/24/01          $9733.45          798227

As shown in the indictment, and pursuant to Rule 32.2, Fed. R. Crim. Pro. notice was given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Counts Twenty or Twenty-One of this indictment. 18 USC 1963(a) provides that a defendant convicted under the RICO statutes "shall forfeit" certain property to the United States. On August 22, 2003, Gabriel Martinez, David  Martinez, Aleida Hernandez, and Juan Guadalupe Hernandez plead guilty to Count 21 of the indictment, being the RICO conspiracy count.

Rule 32.2 (b)(1), Fed. R. Crim. Pro., requires that for forfeiture to occur, the United States must establish a nexus between the property to be forfeited and the offense set out in Count 21, the RICO conspiracy. The court finds that the requisite nexus exists for each asset to be forfeited as set out below.

The basis for forfeiture cited in the indictment are those found in Title 18, United States Code, Section 1963(a) in that the defendants  acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1); or, that the assets represented an interest in, security of, claims against, and property and contractual rights which afford a source of influence over the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are

3

subject to forfeiture to the United States pursuant to Title 18, United States Code, Section

1963(a)(2); or that the assets were property constituting and derived from proceeds which the

defendants obtained, directly and indirectly, from racketeering activity in violation of Title 18,

United States Code, Section 1962, which property is subject to forfeiture to the United States

pursuant to Title 18, United States Code, Section 1963(a)(3).

Asset A consists of no less than $4,000,000.00, or its equivalent, the same being proceeds

of the RICO enterprise. Under the plea agreement entered into in this case the defendant Felix

Ruben Hernandez and his wife Aleida Hernandez-Garza  agreed to the forfeiture of their

interests in assets derived from the proceeds of the RICO conspiracy. Apart from their

agreement, the facts adduced at their guilty pleas and the other matters adduced at the sentencing

hearings in this case, and in the related case of U.S. v. Miguel Lopez-Valdez, B-05-042, show

that tens of millions of dollars of drugs  were transacted by this enterprise. Evidence before this

court shows that the land and improvements located at 1905-1907 Griffin Parkway, Mission,

Texas, are a proceed of the RICO enterprise. This asset is more particularly described as:

> Lots 1,2,3,and 4, Southern Oaks Subdivision, Hidalgo County, Texas,
> as shown by the plat  recorded in Vol. 33, Page 96,  Map Records of
> Hidalgo County, Texas.

The interests of the defendants Felix Ruben Hernandez and Aleida Hernandez-Garza  in this

asset located at 1905-1907 Griffin Parkway are hereby forfeited  to the United States  under 18

USC 1963(a)(3).

Under the plea agreement entered into in this case the defendant Gabriel Martinez

specifically agreed to forfeit his interests in Asset B above, the Martinez Compound. Apart from

4

his agreement, the facts adduced at his guilty plea show that Asset B both afforded a source of influence over the RICO enterprise's operations and was a proceed of the RICO enterprise, rendering Asset B forfeitable under 18 USC 1963(a)(2) and (a)(3). The Court hereby forfeits Gabriel Martinez' interests in Asset B to the United States.

Under the plea agreement entered into in this case the defendant David Martinez agreed to the forfeiture of his interests in assets derived from the proceeds of the RICO conspiracy. Apart from his agreement, the facts adduced at his guilty plea show that Asset B-1, being 15.750 acres of land was a proceed of the RICO enterprise, rendering his interests in Assets B-1 forfeitable under 18 USC 1963(a)(3). The Court hereby forfeits David Martinez' interests in Asset B-1 to the United States.

Under the plea agreements entered into in this case the defendants Felix Ruben Hernandez and his brother Juan Guadalupe Hernandez agreed to the forfeiture of their interests in assets derived from the proceeds of the RICO conspiracy. Apart from their agreements, the facts adduced at their guilty pleas show that Asset F, being land and a residence located at 3301 Crisantema, Mission, Texas, was a proceed of the RICO enterprise, rendering their interests in Asset F forfeitable to the United States under 18 USC 1963(a)(3). Specifically, both of these defendants were involved in a large RICO conspiracy that generated cash proceeds. A portion of these proceeds was used to acquire the lot that is part of Asset F. Thereafter a residence was constructed on the lot, lien free. The Court hereby forfeits Felix Ruben Hernandez and Juan Guadalupe Hernandez' interests in Asset F to the United States.

Asset G consists of one lot of furniture acquired from Lacks Valley Stores, Limited. Under the plea agreement entered into in this case the defendants Felix Ruben Hernandez and his

5

wife Aleida Hernandez-Garza  agreed to the forfeiture of their interests in assets derived from the proceeds of the RICO conspiracy. Apart from their  agreement, the facts adduced at their guilty pleas show that  Asset G is  a proceed of the RICO enterprise, rendering their  interests in Asset G forfeitable to the United States  under 18 USC 1963(a)(3).

Concerning Asset G, the United States has advised the court that Asset G was disposed of via auction held on or about June 19, 2004, generating $17,150.00 in proceeds being held by the United States,  pending further orders of this court.

Rule 32.2(b)(3), Fed. R. Crim. Pro., provides that upon the entry of a preliminary order of forfeiture, the United States may seize the specific property subject to forfeiture. Following the entry of this order, the United States, under the auspices of the Attorney General or his designee, may proceed to seize the assets covered by this preliminary order of forfeiture. This same rule also provides that the United States may conduct discovery under the control of the court to further identify, locate, or dispose of property subject to forfeiture. The United States shall apply to the court as necessary for such discovery requests.

The Court further orders that pursuant to 18 USC 1963(l)(1), the United States shall publish notice  of this order and of the United States' intent to dispose of Assets A (the above noted Griffin Parkway property), B, F and G in a manner the Attorney General or his designee may direct. In addition to published notice, the United States may send individual notices to such persons known to have an alleged interest in these assets. All persons, other than the defendants in this case, asserting a legal interest in the assets so forfeited, may file a claim within 30 days of final published notice or direct notice, whichever is earlier. Any claim must follow the procedures as set out under 18 USC 1963 (l)(2) and (3) and must be filed under this cause

6

number with the United States District Clerk in Brownsville, Texas.        A copy of any filed

claim shall also be sent to Charles Lewis, Asst. U.S. Attorney, U.S. Courthouse, Suite 201, 600

East Harrison, Brownsville, Texas, 78520.

If any claims are filed on any of the assets covered by this order, a  hearing will be held as

provided for in 18 USC 1963(l)(4) and (5) and Rule 32.2(c), Fed. R. Crim. Pro. Following any

hearings the court may amend this order of forfeiture in accordance with its determinations made

at the hearings, as provided by 18 USC 1963(l)(6) and Rule 32.2(c), Fed. R. Crim. Pro.

Following the disposition of all claims or if no claim is filed to the assets covered by this order,

the United States shall have clear title to said assets and may warrant good title to any subsequent

purchaser or transferee.

The clerk shall send certified copies of this order to counsel for the parties.

Signed for entry this the _9_ day of ___November___, 2005.

_____
United States District Judge